JOSEPH PILISZEK, PROSECUTOR, v. THE BURLINGTON COUNTY COURT OF SPECIAL SESSIONS, DEFENDANT.

Submitted January 19, 1943—Decided March 1, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *James M. Davis, Jr.*

For the defendant, *Daniel Lichtenthal*, Prosecutor of the Pleas.

The opinion of the court was delivered by

PORTER, J. The writ brings before us for review the conviction of Piliszek, the prosecutor, by the Burlington County Court of Special Sessions, defendant, under a complaint charging him with giving or causing to be given a false alarm of fire. He was convicted by the police justice of the City of Burlington and appealed the conviction to the Special Sessions, under *N. J. S. A.* 2 :206-11 as amended by *Pamph. L.* 1941, *ch.* 54, and *Pamph. L.* 1942, *ch.* 35, in which court a trial *de novo* was had. It appears that prosecutor made a written statement to the police on May 31st, 1942, in which he admitted sending false alarms of fire on many occasions over a period of about a year and a half by "pulling" various fire alarm boxes and that during the "last couple of months" he telephoned false fire alarms at five different times. There was proof that, as a result of two telephone calls to a fire station of the City of Burlington during the evening of May 16th, 1942, reporting the existence of fires, the fire depart-

ment responded to both calls and found that there was no fire in either case. The proofs were confined to these telephone alarms there being no evidence produced of any alarms by any other means. The prosecutor testified that the confession was not true and had been obtained from him by duress. He denied that he had sent any false alarms of fire either by telephone or by "pulling" fire alarm boxes at any time. The defendant trial court found that the prosecutor was guilty of violation of the statute (*N. J. S. A.* 2:202-13) on May 16th, 1942. This statute reads as follows:

"Any person who shall willfully and maliciously ring, or cause to be rung, any bell or alarm of any fire company in any municipality of this state, and thereby give or cause to be given a false alarm of fire, shall be adjudged a disorderly person."

The sole question to be decided is whether or not telephoning of false alarms of fire comes within this statute. We conclude that it does not. This being a penal statute must be strictly construed. What the statute denounces is the malicious ringing or causing to be rung of "any bell or alarm of any fire company." We do not think that sending a message of false alarm of fire by telephone without more is covered or contemplated by the statute because such act does not ring or cause to be rung "any bell or alarm of any fire company."

This judgment of conviction will therefore be reversed.